UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| RUSSELL MEANS, | ) | CIV. 09-5031-RHB |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| DON HOLLOWAY, Pennington | ) | |
| County Sheriff, | ) | |
| | ) | |
| Respondent. | ) | |

In September of 2008, the State of South Dakota filed a criminal complaint against petitioner charging him with an unlawful act of fishing without a license at Lake Sheridan on August 25, 2008. A bench warrant has been issued for petitioner's arrest. In an attempt to avoid being arrested, petitioner has remained exclusively on the Pine Ridge Indian Reservation, where the State of South Dakota does not have jurisdiction to serve or execute the arrest warrant.

Petitioner has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). Petitioner claims that the unlawful fishing charges filed against him violate the treaties of the United States, and therefore bring the matter under the ambit of the federal habeas statute. The Court need not reach this question, however, as petitioner is not "in custody" as he must be to be eligible for relief under section 2241.

The federal habeas statute, 28 U.S.C. § 2241, provides that a writ of habeas corpus shall not issue to a prisoner unless that prisoner is "in custody." While petitioner is correct that actual physical custody is not necessarily a prerequisite for federal habeas review, the Court finds that petitioner's "constructive custody" argument is not appropriate in this matter. The Court has reviewed the cases cited by petitioner in support of this argument and finds that none of them support an extension of the constructive custody doctrine to the facts presented in this case, where petitioner has not yet been convicted of a crime or sentenced to any sort of penalty. Habeas relief is a post-conviction remedy that cannot be utilized pre-conviction, as petitioner is attempting to do. See Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (holding that a habeas petitioner is not eligible for relief unless he is "'in custody' under the conviction or sentence under attack at the time of his petition").

The Court also notes that the criminal charge petitioner is facing is from the State of South Dakota, which brings this matter under the purview of 28 U.S.C. § 2254. Section 2254 allows for a writ of habeas corpus to issue from a federal court only after "the applicant has exhausted the remedies available in the courts of the State." As petitioner has not yet been convicted of any crime, obviously he has not exhausted his state court remedies, and relief is not available from this Court. Accordingly, it is hereby

ORDERED that petitioner's application for writ of habeas corpus pursuant to 28

U.S.C. § 2241 (Docket #1) is denied.

Dated this __22 nd__ day of April, 2009.

BY THE COURT:

RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE